# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JOHN W. HARRIS,

                    Plaintiff,

    v.                                         6:13-CV-1491 (TJM/ATB)

KENNETH F. CASE, et al.,

                    Defendants.

JOHN W. HARRIS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff John W. Harris. (Dkt. No. 1) Plaintiff has also filed an application to proceed in forma pauperis ("IFP").[1] (Dkt. No. 5). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.   IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

---

[1] Plaintiff's original application to proceed IFP was incomplete, and on December 5, 2013, Senior Judge McAvoy ordered plaintiff to file a properly completed form. (Dkt. No. 4). Plaintiff has filed his completed form, and the case is now before me for review of the complaint.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In his complaint, plaintiff has named three defendants: Kenneth F. Case, Erie County Court Judge; Peter J. Marche, an Assistant District Attorney in Buffalo, New York; and Ronald Ammerman, a Buffalo Police officer. (Compl.) (Dkt. No. 1). Plaintiff alleges that defendant Ammerman testified falsely before an Erie County Grand Jury, regarding plaintiff's prior criminal history, "tainting" the Grand Jury proceeding against plaintiff. (Compl. ¶ 6; Facts). Plaintiff alleges that defendant Assistant District Attorney Marche had the duty to stop the Grand Jury proceeding, and take the matter before the trial court to "get permission to take the case to another GRAND JURY," but he refused to do so. Plaintiff argues that the resulting indictment was defective, but the trial judge refused to dismiss it. Plaintiff was ultimately convicted, and the trial judge refused to set aside the verdict. Plaintiff claims that all three defendants conspired to deprive him of his due process rights and various other constitutional rights pursuant to 42 U.S.C. § 1983 and the criminal civil rights statutes, 18 U.S.C. §§ 241, 242.

## IV. <u>Venue</u>

Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b) which provides that

> A civil action may be brought in –
> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, No. 12-929, __ S. Ct. __, 2013 WL 6231157, at *6 (U.S. Dec. 3, 2013).

In this case, all the defendants reside in the Western District of New York, and all the events of which plaintiff complains took place in the Western District of New York. Plaintiff has now been transferred to a facility in the Northern District of New York, but plaintiff's residence is irrelevant for venue purposes. Thus, venue is not proper in the Northern District of New York.

When a case is filed in a district in which venue is improper, the court shall dismiss the case, or "if it be in the interests of justice, transfer the case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer is discretionary. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The Second Circuit has cautioned that a court should not dismiss for improper venue on

4

its own motion "except in ***extraordinary circumstances***." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (emphasis added). Extraordinary circumstances may exist when the plaintiff is a vexatious litigant. *Id.* This court finds, as discussed below, that this plaintiff's case presents sufficient extraordinary circumstances, justifying *sua sponte* dismissal because the action is frivolous.

IV. **Immunity**

    **A. Judicial**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

    **B. Prosecutorial**

Prosecutors also enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25

F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the Grand Jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

### C. Grand Jury Witnesses

A grand jury witness is entitled to absolute immunity from claims that he presented or conspired to present false testimony before the grand jury. *Rehberg v. Paulk*, __ U.S. __, 132 S. Ct. 1497, 1505-07 (2012) (extending the immunity granted to trial witnesses in *Briscoe v. LaHue*, 460 U.S. 325, 336-46 (1983) to grand jury witnesses, even if the witness is a law enforcement officer).

### D. Application

In this case, plaintiff makes claims against all three defendants for conduct that they allegedly took in their capacities as judge, prosecutor, and grand jury witness

relative to plaintiff's criminal action. Plaintiff claims that the judge refused to dismiss the indictment and the eventual conviction. Plaintiff alleges that the prosecutor failed to take the case before a new grand jury, after defendant Ammerman implied during his testimony that plaintiff had a prior conviction that plaintiff alleges he did not have. Plaintiff has cited none of the exceptions to affording the defendants absolute immunity.

Plaintiff states in the complaint, that the three named defendants would not be entitled to immunity because they were acting "in concert" in violation of 18 U.S.C. § 241 and 242. (Compl. at p.6). To the extent that plaintiff is requesting some relief under these statutes, it is well-settled that, regardless of defendants' alleged actions, there is no private right of action under federal criminal statutes such as 18 U.S.C. §§ 241 or 242. *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Marshall v. Webster Bank, N.A.*, 3:10-CV-908, 2011 WL 219693, *8 (D. Conn. Jan. 21, 2011) (citing cases); *Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000) (citations omitted). Any attempt by plaintiff to assert a cause of action under federal criminal statutes should be dismissed because plaintiff can never state a claim under these statutes. Thus, each of the defendants would be entitled to absolute immunity, and the entire action may be dismissed.

V. **Plaintiff's Prior Actions**

In addition to the frivolous nature of the claims themselves, there is a more important reason to dismiss this action, rather than transferring it to the Western

7

District of New York, where venue would have been proper. Plaintiff has already brought identical actions in the Western District, making identical claims, against the same defendants. Rather than bringing one action naming all three defendants, plaintiff brought a separate action against each defendant. *See Harris v. Case*, No. 1:12-CV-1044 (W.D.N.Y.); *Harris v. Marche*, No. 1:12-CV-1080 (W.D.N.Y.); *Harris v. Ammerman*, No. 1:12-CV-1170 (W.D.N.Y.) In this complaint, plaintiff asks that the court to transfer this case to the Western District of New York. (Compl. at p.7). He states that he has "Newly Discovered Evidence," but never states what that evidence would be.[2] (*Id.*) He asks the court to transfer the action to be "join[ed]" with his first "cause of action listed above." (*Id.*) The first case "listed above" on the page is *Harris v. Case*, No. 1:12-CV-1044. (*Id.*)

However, each of the Western District actions was dismissed sua sponte, and the district court certified that appeals of those actions would not be taken in good faith. Plaintiff appealed all three actions, the Second Circuit consolidated the appeals, and on

---

[2] The court notes that plaintiff is asking for his "judgment" to be reversed and that his criminal record be expunged in addition to a substantial amount of damages. (Compl. ¶ 7). Plaintiff may not ask for a reversal of his conviction in a section 1983 action, and he may not file a petition for writ of habeas corpus under 28 U.S.C. § 2254 until he has exhausted his state court remedies. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation and other citations omitted)); 28 U.S.C. § 2254(b)(1). The prisoner must "fairly present" his claim in each appropriate state court, including the highest court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. *Id.*; *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). Additionally, a section 1983 action, seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

July 26, 2013, dismissed all the appeals as frivolous. *Harris v. Case,* Nos. 13-1819, 13-1826, 13-1839 (2d Cir. July 26, 2013). The Mandate was issued on October 3, 2013. Thus, there are no cases in the Western District to which this case may be "added."

What is disturbing about the procedural history above is that plaintiff signed the complaint in this action on December 2, 2013, and although he cites all three of the Western District cases, he states that they are all "pending." (Compl. ¶ 5(a)(v)). Clearly, the cases were not "currently pending" on December 2, 2013. All three cases were dismissed by the district court in April of 2013. *See Harris v. Case*, No. 12-CV-1044 (W.D.N.Y. April 19, 2013) (Dkt. Nos. 7, 8); *Harris v. Marche*, No. 12-CV-1080 (W.D.N.Y. April 19, 2013) (Dkt. Nos. 5, 6); *Harris v. Ammerman*, No. 12-CV-1170 (W.D.N.Y. April 19, 2013) (Dkt. Nos. 3, 4).

It appears that plaintiff may somehow be attempting to circumvent these dismissals by filing an action in the Northern District of New York and then requesting this court to transfer the action to the Western District. Thus, this court recommends dismissing this action rather than transferring it to the Western District of New York.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 5) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) based on absolute immunity, for failure to state a claim, and as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 20, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge